ELISHA HUBBELL *vs.* SAMUEL C. KINGMAN.

52 17
75 659

A judgment of non-suit was rendered in a suit in which real estate had been attached, and was afterwards set aside at the same term. Held, that the attachment was not vacated.

An attachment of real estate creates a lien only for the amount to which the officer is directed by the writ to attach, although the judgment may be for a larger amount by reason of costs or of an increase of the demand.

[Argued March 19th—decided April 29th, 1884.]

SUIT for a foreclosure of a judgment lien on real estate; brought to the Court of Common Pleas. The plaintiff demurred to the defendant's answer, and the court (*Hall, J.,*) sustained the demurrer and rendered judgment for the plaintiff. The defendant appealed. The case is fully stated in the opinion.

*D. B. Lockwood,* for the appellant.

*V. R. C. Giddings,* for the appellee.

CARPENTER, J. The plaintiff attached certain real estate as the property of Josephine Schering. Afterwards Josephine Schering conveyed the property so attached to the defendant in this suit. In the case of *Hubbell* v. *Schering* the plaintiff was non-suited at the December term, 1881, of the Court of Common Pleas. During the same term the non-suit was set aside and the case restored to the docket. At the April term, 1882, the plaintiff recovered judgment for $14.84 damages, and for $239.67 costs. He thereupon filed and recorded a certificate of a judgment lien upon the

real estate so attached. The present suit is brought to foreclose that lien. The defense is two-fold: 1st, that the judgment of non-suit vacated the attachment, and consequently that no lien ever attached; and 2d, that if there is a lien it is limited in amount to thirty dollars, the sum for which the officer was commanded to attach in the original writ. The court below rendered judgment for the full amount and the defendant appealed.

We think the court below correctly decided that the judgment of non-suit did not avoid the attachment. In support of the proposition that it did the defendant cites, besides a number of cases from other states, *Butler* v. *Bissell*, 1 Root, 102, and *Allen* v. *Adams*, 17 Conn., 67. He also refers to the dissenting opinion of DAGGETT, J., in *Lockwood* v. *Jones*, 7 Conn., 431. It is unnecessary to refer particularly to the cases cited from other states. Our own decisions relied on we will briefly notice. *Butler* v. *Bissell* was a *scire facias* on special bail; plea that judgment in the suit was rendered for the defendant; replication that the judgment was reversed by the Supreme Court, and a demurrer to the replication. The replication was adjudged insufficient by the Superior Court, and that judgment was affirmed by the Supreme Court. The authority of that case was somewhat shaken by the case of *Lockwood* v. *Jones*, a majority of the court refusing to follow it in an action on a bond for prosecution. *Allen* v. *Adams* was an action on a receipt given to an officer for property attached. The plaintiff in the original suit obtained a judgment, which was afterwards reversed. It was claimed that more than sixty days had elapsed after the rendition of that judgment, and that the property could not then be held to respond to any subsequent judgment. The court held that, that judgment having been reversed and the case entered in the docket of the Superior Court for another trial, the cause was still pending and the attachment was not dissolved.

The effect of the last two cases is to confine *Butler* v. *Bissell* as an authority to very narrow limits. This court having declined to follow it in an action on a recognizance

for costs, and in a case of property attached where judgment was rendered for the plaintiff, we can hardly regard it as an authority for holding that property attached was discharged by a non-suit, the non-suit having been set aside at the same term of the court. Why should an erroneous or mistaken judgment, which is set aside at the same term of the court, the case having subsequently been prosecuted to a final judgment in favor of the plaintiff, deprive the plaintiff of the security obtained by the attachment? The analogies of the law are against it, and so are equity and justice.

The remaining question is, whether the plaintiff acquired by his attachment a lien upon the property for more than thirty dollars—the officer making the attachment being required by his precept to attach only to that amount.

The power to attach property on mesne process to secure a claim not judicially established is conferred by statute, and being in derogation of the common law it should receive a strict rather than a liberal construction. The law regards all of a man's property as liable for his debts, and affords adequate means for enforcing that policy; but in doing so the requirements of the statute must be strictly adhered to; and this principle applies not only in determining the force and meaning of the letter of the law, but also in determining the effect and consequences of each step in the proceeding. The statute does not declare in direct terms the limit of an incumbrance created by an attachment of real estate. Unlike personal property there is no change of possession; the attachment simply subjects the land to an incumbrance, the extent of which must be gathered from a consideration of all the provisions of the statute. The form of the writ prescribed by statute, which has always been followed, requires the plaintiff to insert in the writ the amount or value of the property which the officer is commanded to attach. This form is significant; it has a purpose. Its purpose is obvious enough in respect to personal property; it tells the officer how much to attach and by implication forbids his attaching more. It has a similar meaning

in respect to real estate if it has any meaning at all; the attachment incumbers it to that extent and no more.

A maximum limitation is essential in order to preserve the integrity and efficiency of our recording system. The policy of that system, which is rigidly adhered to, requires that the record shall disclose, as nearly as may be, the true state of the title and the nature and extent of the incumbrance upon it. The first step in the attachment is lodging with the town clerk a certificate describing the land attached, the parties, the court, and the amount of damages claimed; and the attachment is completed by leaving with the town clerk within four days a certified copy of the process, &c. Now if such a limit is found anywhere it must be in the direction to the officer, for costs may be increased indefinitely, and the amount of damages claimed may be raised by amendment. Indefiniteness and uncertainty should not be unnecessarily tolerated; and here it is not necessary, for the amount to which the officer is commanded to attach may well be taken as a fixed and certain limit.

The lien results from the act of the officer and not from any action by the court. The court can neither originate it nor enlarge it. It comes into existence and to its fullest extent when the attachment is made. It cannot be a growing quantity, increasing with the accumulation of costs and enlarging as more damages are demanded. Sound policy requires that the extent of it shall be known as soon as it exists, in order to preserve the rights of third persons and prevent unnecessary restrictions upon the sale of property. On this point the court below erred and the judgment must be reversed.

In this opinion the other judges concurred.