THE SIXTEENTH SCHOOL DISTRICT OF STONINGTON *vs.* THE EIGHTEENTH SCHOOL DISTRICT OF STONINGTON.

New London County, May T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, JS.

The statute (Gen. Statutes, p. 134, secs. 1, 6 and 7,) provides that towns may form, unite, alter and dissolve school districts within their limits; that an appeal may be taken from such action to the Superior Court; that the court upon such appeal shall have the same power to act in the matter that the town had; and that no alteration of the lines fixed by the decree shall be made except by the court. A town divided an existing district and created a new district of one of the parts, and the district thus divided appealed to the Superior Court, which by its

decree set aside the action of the town but passed no further decree in the matter. Held not to be such a fixing of the lines of the district by the decree of the court as precluded the town from making any alteration of the same at the same place.

[Argued May 25th—decided June 18th, 1886.]

APPLICATION to the Superior Court to set aside the action of the town of Stonington in annexing a part of the plaintiff school district to the defendant school district. Demurrer to application; demurrer sustained and judgment rendered for the defendant, (*Beardsley, J.,*) and appeal by the plaintiff. The case is sufficiently stated in the opinion.

*S. Lucas*, for the appellant.

*J. Halsey* and *C. Perrin*, for the appellee.

GRANGER, J. The plaintiff alleges that on the seventeenth day of July, 1882, the town of Stonington, at a legal town meeting held on that day, voted that a new school district, to be called the Seventeenth School District, be formed from the Sixteenth School District in that town, giving its boundaries, and that an appeal was taken from this action of the town by the latter district to the Superior Court for New London County, and that that court adjudged and decreed that the action of the town in the matter should be "reversed, annulled and set aside." It is also alleged that the town of Stonington on the 30th day of April, 1883, after the decree just mentioned, at a legal town meeting then held, voted that the same tract of land with the inhabitants residing thereon, which had before been taken from the Sixteenth to form the Seventeenth district, be added to and included in the Eighteenth school district of the town.

The plaintiff, the Sixteenth School District, appealed from this action of the town to the Superior Court, on the ground that such action was illegal and beyond the power of the town to take. The court sustained the action of the town; the school district appeals to this court from that judgment; and the sole question in the case is, whether the town had power to take the action in question.

The plaintiff rests its claim upon the provisions of the seventh section of the General Statutes, title 11, chap. 5.

The first section of that statute provides that each town shall have power to form, unite, alter and dissolve school districts within its limits. The sixth section provides that when application shall be made to any town to form, alter or dissolve a school district, any district aggrieved by its action may appeal to the Superior Court. The seventh section is as follows:—" Said court shall have the same power to act upon said application that said town had, and may appoint a committee to report the facts and its opinion thereon; and the final decree of the court shall be recorded in the records of said town. * * * And unless the town shall thereafter abolish all the school districts within its limits, no alteration of the lines fixed by said decree shall be made, except by the Superior Court."

The plaintiff contends that the decree of the court fixed the lines of the Sixteenth district within the meaning of the above statute, and that as the present action of the town assumes to make an alteration of those lines it is in conflict with the statute.

But the court on that decree did not undertake to fix the lines of the Sixteenth district. The appeal of that district from that action of the town alleged " that the division of said Sixteenth School District was illegal and unjust, and against the best interest of said district and of the public ; " and its sole prayer was that that action might be set aside. The parties were at issue only upon that question of fact, and the court in sustaining the appeal simply adjudged that the action of the town should be " reversed, annulled and set aside." The decree establishes nothing; it simply annuls the action of the town, and leaves both districts *in statu quo.* The subject of fixing the lines ·of either district is nowhere alluded to in the allegations of the appeal or in the pleadings, finding or decree, and so far as those lines are established they are so in no manner by force of the decree, but purely by force of their original establishment, which remained undisturbed.

The statute should receive a liberal construction, but should not be extended to apply to cases where the court does not by its decree fix the lines of a district specifically and definitely.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.