Roland PINSKY, Jennie Pinsky, Eileen Fedowitz and Brian K. Doehr, Plaintiffs–Appellants,

v.

Richard K. DUNCAN, Joseph Golden Insurance Agency, Inc., and John F. Di Giovanni, Defendants,

Richard K. Duncan and John F. Di Giovanni, Defendants–Appellees,

State of Connecticut, Intervenor.

No. 201, Docket 89–7521.

United States Court of Appeals, Second Circuit.

Opinion on Rehearing Decided April 25, 1990.

Opinion on Rehearing Amended June 25, 1990.*

Joanne S. Faulkner, New Haven, Conn., for plaintiff-appellant Brian K. Doehr.

* Amends the on rehearing portion of the opinion

Andrew M. Calamari, Bronx, N.Y. (Calamari & Calamari, of counsel), for defendant-appellee John F. Di Giovanni.

Henry S. Cohn, Hartford, Conn., Asst. Atty. Gen. of the State of Conn. (Clarine Nardi Riddle, Atty. Gen. of the State of Conn., of counsel), for intervenor.

Before NEWMAN, PRATT and MAHONEY, Circuit Judges.

ORDER

PRATT, Circuit Judge:

John F. Di Giovanni and the State of Connecticut have petitioned for rehearing of our decision in this appeal filed on March 9, 1990. 898 F.2d 852. The petitions are granted only insofar as we amend our prior opinion to hold that, except for the attachment in the present case and those attachments filed on or before March 9, 1990, the constitutionality of which was challenged in a lawsuit filed prior to March 9, 1990 and still pending on that date, our declaration of the unconstitutionality of Conn.Gen.Stat. § 52–278e(a)(1) shall have prospective effect only, *i.e.*, shall be applicable only to attachments filed after March 9, 1990. The petitions are denied in all other respects.

In its petition, the State of Connecticut suggests that our decision is contrary to *McCahey v. L.P. Investors*, 774 F.2d 543 (2d Cir.1985), a case not originally cited to us by any of the briefs of any party. While there is passing dictum in *McCahey* that might be interpreted as inconsistent with the panel majority's opinion, the point was not extensively considered there and we do not view *McCahey*'s holding as conflicting with our own.

The state also suggests that it was not given sufficient opportunity to intervene under 28 U.S.C. § 2403(b). Although the district court failed to notify the state of its right to intervene, we afforded it that opportunity on appeal. The state accepted the invitation, fully briefed the constitutional issues for us, and in doing so made no claim that it wished to reopen the trial

published at 898 F.2d 852, 864.

**18**

record to present additional evidence. We are satisfied that its interests have been adequately protected.

Finally, in order to avoid ambiguity, the following references in the slip opinion to Conn.Gen.Stat. § 52–278e will be expanded in the final opinion to read § 52–278e(a)(1): page 2197, line 5; page 2202, line 12; page 2205, line 30; and page 2206, line 5.**

So ordered.

---

** Editor's Note: Changes have been incorporated into the decision published at 898 F.2d 852.