[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR DISCHARGE OF LIS PENDENS DATED DECEMBER 21, 1990 OF MILDRED R. DICOSTANZO
By this motion, Mildred R. DiCostanzo moves to discharge a lis pendens, filed by Burritt Interfinancial Bancorporation ("Burritt") on the Waterbury, Connecticut Land Records, when that financial institution filed its Application for Prejudgment Remedy dated September 28, 1990. We decided today that Burritt, after evidentiary hearings, failed to demonstrate that there is probable cause to sustain the validity of its claims in fraudulent conveyance made against the defendants-DeCostanzo; defendants-Vernovai; and the defendants-Petta. Thus, we declined to issue the real estate attachments sought in these three instances by Burritt. See Burritt Interfinancial Bancorp v. Genvest, D.N. 099178, J.D. of Waterbury, Memorandum of Decision on Application for Prejudgment Remedy, March 26, 1991, Murray, J.
In Connecticut law, a lis pendens is a creature of statute. Conn. Gen. Stat. Sections 52-325 — 52-326. It may be filed "at the time the action is commenced or afterwards." Conn. Gen. Stat. Section 52-325. We deem this statutory filing provision to mean that a lis pendens may only be filed when a- writ, summons and complaint has been served. See McGaffin v. Roberts, 193 Conn. 393,401 n. 9 (1984), cert. denied, 470 U.S. 1050,105 S.Ct. 1747, 84 L.Ed.2d 813 (1985); Valley Cable Vision Inc. v. Public Utility Commission, 175 Conn. 30, 33 (1978); Broderick v. Jackman,167 Conn. 96, 99 (1974); Seaboard Burner Corp. v. DeLongy,145 Conn. 300, 303 (1958); Consolidated Motor Lines, Inc. v. M M Transportation Co., 128 Conn. 107, 109 (1941). Additionally, our prejudgment remedy statutes do not authorize the filing of a lis pendens on land records while a PJR applicant, such as Burritt here, seeks a real estate attachment. It is certainly contrary to the intent of our PJR statutory procedure, which, at the very least, mandates judicial intervention before real estate records are encumbered. Conn. Gen. Stat. Sections 52-278a-52-278n. CT Page 2199 Accordingly, we deem the filing procedure employed by Burritt in this case to be not legally authorized.
Finally, in any contest concerning the discharge of a lis pendens, "the plaintiff shall first be required to establish that there is probable cause to sustain the validity of his claim." Conn. Gen. Stat. Section 52-325b. This is the same evidentiary standard as set forth for PJR proceedings concerning real estate attachments. See Conn. Gen. Stat. Section 52-278d(a). Since we have already ruled that Burritt, in applying for a real estate attachment to affect DiCostanzo's title, did not establish the requisite probable cause to sustain the validity of its claim in fraudulent conveyance, we are equally persuaded that Burritt has failed to meet the evidentiary standard for the continued maintenance on the land records of the lis pendens. Thus, we incorporate here our findings and conclusions concerning Burritt's application for prejudgment remedy. See Burritt Interfinancial Bancorp. v. Genvest, D.N. 098178, J.D. of Waterbury, Memorandum of Decision on Application for Prejudgment Remedy, March 26, 1991, Murray, J.
We note that this lis pendens was filed without any judicial intervention and approval. While this procedure has been constitutionally approved by our Supreme Court, Williams v. Bartlett, 189 Conn. 471 (1983), appeal dismissed 464 U.S. 801,104 S.Ct. 46, 78 L.Ed.2d 67 (1983) (appeal dismissed for want of a substantial federal question), there appears to be a rather dark cloud originating in federal jurisprudence concerning the continued constitutional validity of prehearing filings on land records. See Pinsky v. Duncan, 898 F.2d 852 (2nd Cir. 1990), amended on rehearing, 907 F.2d 17 (2nd Cir. 1990), cert. granted sub nom. Connecticut v. Doehr, 111 S.Ct. 42 (U.S. October 1, 1990) (No. 90-143) (decision pending). But cf., Soden v. Johnson, 1 CTLR 402 (March 26, 1990, Cioffi, J.) (court followed Connecticut Supreme Court precedence upholding constitutionality of prejudgment attachments).
An order may enter discharging the lis pendens.
WILLIAM PATRICK MURRAY, J.