[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISSOLVE PREJUDGMENT ATTACHMENT #132
On January 3, 1990, the plaintiff Jeffrey Johnson filed a complaint in which he alleged that on August 2, 1989, while walking across property owned by the defendant L. Peter Olcese, the plaintiff fell into an unfenced, uncovered, unsealed and abandoned well, resulting in injury to the plaintiff.
Also on January 3, 1990, pursuant to General Statutes 52-278e the plaintiff filed an application for a prejudgment remedy in which he sought to attach the defendant's real property located in Litchfield, Connecticut. On the same day, the court, Moraghan, J., granted the application ex parte because the defendant owns real estate in Litchfield and because the defendant resides in Ohio. Judge Moraghan ordered attachment of defendant's Litchfield real estate to the value of $100,000.00.
The plaintiff, on February 23, 1990, moved to add Ronald Manus as an additional defendant. Mr. Manus is the trustee in bankruptcy for the defendant Olcese, and the plaintiff, in his motion alleged that because plaintiff's injuries arose out of a condition of the real property held by the trustee in bankruptcy, Mr. Manus is a proper party defendant. The court, Pickett, J., granted the motion.
On August 14, 1991, the defendant Manus moved to dissolve plaintiff's ex parte prejudgment attachment on the ground that such is unconstitutional pursuant to Connecticut v. Doehr, 59 U.S.L.W. 4587
(United States Supreme Court, June 4, 1991). The plaintiff, on August 16, 1991, filed an objection to defendant's motion in which he alleged that defendant Manus has no standing to file such a motion.
A prejudgment remedy is any "`remedy that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment. . .'" Fermont Division, Dynamics Corp. of America, Inc. v. Smith, 178 Conn. 393, 398, 423 A.2d 80 (1979) (citation omitted), and is available in both legal and equitable proceedings. General Statutes52-278b; England v. England, 184 Conn. 85, 88, 440 A.2d 790 (1981).
The plaintiff argues that Mr. Manus has no standing to file this motion to dissolve because there is no record contained in Litchfield's Land Records concerning any interest of this defendant in the subject of real estate, and because the defendant Olcese has appeared. CT Page 8588
Mr. Manus argues that he does have standing predicated on11 U.S.C. § 1106
(a) and Sections 704(2), 704(5), 704(7), 704(8) and 704(9) of the Bankruptcy Code. Further, he argues that he has standing pursuant to 11 U.S.C. § 704, 724-26.
The defendant Mr. Manus does have standing to move to dissolve the prejudgment attachment. The trustee is empowered to perform the duties specified in Sections 704(2), 704(5), 704(7), 704(8) and 704(9) of the Bankruptcy Code. 11 U.S.C. § 1106(a). Thus, the trustee is responsible and accountable for all property received, Bankruptcy Code, Section 704(2); for examining the proofs of claims and objecting to the allowance of any claim that is improper, Id. at Section 704(5); for furnishing information concerning the estate, Id. at Section 704(7); and for filing reports and summaries of the business of the debtor with the appropriate governmental authorities. Id. at Section 704(8).
Furthermore, the trustee is authorized to dispose of any property of the debtor. 11 U.S.C. § 725. Additionally, in his motion to cite an additional party defendant, plaintiff stated that Manus, as Trustee, is a proper party defendant.
Thus, because the trustee is the "representative of the [defendant's] estate," 11 U.S.C. § 323(a), Mr. Manus has standing to make a motion to dissolve the prejudgment attachment.
When the prejudgment remedy was granted in the present case, General Statutes 52-278e permitted a party to obtain a prejudgment remedy of attachment of real property without a hearing. General Statutes 52-278e
(1991); Pinsky v. Duncan, 898 F.2d 852, 853 (2d Cir. 1990). ("Pinsky I"), modified, 907 F.2d 17 (2d Cir. 1990) ("Pinsky II"). The Second Circuit, in Pinsky I, declared General Statutes 52-278e
unconstitutional on its face, stating that the statute denied a defendant his right to a hearing prior to attachment and, accordingly, violated the due process clause of the Fourteenth Amendment to the United States Constitution. Pinsky, I, 898 F.2d at 858.
In a decision on petitions for rehearing of the Pinsky I decision, the court of Appeals granted the appeal "only insofar as we amend our prior opinion to hold that . . . our declaration of the unconstitutionality of [General Statutes 52-278e(a)(1)] shall have prospective effect only, i.e. shall be applicable only to attachments filed after March 9, 1990." Pinsky II, 907 F.2d at 17.
Pinsky I was appealed, Sub Nom. Connecticut v. Doehr to the United States Supreme Court (cert. denied111 S.Ct. 42 [U.S. October 1, 1990]). The Supreme Court affirmed the decision of the Court of Appeals in Pinsky I stating that "[b]ecause Connecticut prejudgment remedy provision, Conn. Gen. Stat. 52-278e(a)(1), violates the requirements of due process by authorizing prejudgment attachment without prior notice or a hearing, the judgment of the Court of Appeals is affirmed. . . ." CT Page 8589 Doehr, 59 U.S.L.W. 4587, 4593 (U.S. June 6, 1991). Consequently, the defendant in this action moved to dissolve the prejudgment remedy of attachment ordered January 3, 1990.
While the United States Supreme Court has found General Statutes52-278e(a)(1) unconstitutional, the question to be resolved is whether such a ruling should be applied retroactively, so as to dissolve the attachment in the present case.
The decision in Doehr should be applied prospectively only. Subsequent to the Pinsky ruling (and prior to Doehr), a Connecticut Superior Court Judge stated that if he were to follow the decision in Pinsky, the Pinsky rule would be applied prospectively only. Soden v. Johnson, 1 CtLR 402, 403 (March 26, 1990, Cioffi, J.).
Judge Cioffi supported this statement with an analysis of nonretroactive application of judicial decisions in civil cases. Relying on Chevron Oil Co. v. Huson, 404 U.S. 97, 30 L.Ed.2d 296, 92 S.Ct. 349
(1971), the Soden court discussed three relevant factors regarding retroactivity. First:
The decision must establish a new principle of law, either by overturning clear past precedent or by deciding an issue of first impression. . . Second, the court must determine whether retrospective application of the new rule will further or retard its operation in each case . . . finally, if retroactive application of the court's decision could produce substantial inequitable results, there is ample basis for avoiding the hardship by a holding of nonretroactivity.
Soden, supra at 403 (citing Chevron, 404 U.S. at 106-07).
The Soden court, in applying the above standards to the Pinsky decision and its potential impact upon Connecticut's law regarding attachments, stated that "substantial inequitable results may occur if Pinsky is not limited to prospective force." Soden, supra at 403.
Thus, the Doehr decision, now binding on the state courts, see e.g., United States ex rel. Lawrence v. Woods, 432 F.2d 1072, 1076 (7th Cir. 1970), overturns past legal precedent in Connecticut and renders statutory procedures unlawful. Additionally, a retroactive application of Doehr would result in "hardship and injustice to creditors who have lawfully obtained attachments to secure their interests. The disruptive effect of summary dissolution of existing real estate attachments would be far reaching and potentially devastating to an orderly business community." Soden, supra at 403.
Consequently, this court adopts the reasoning applied in Soden and holds that the decision in Doehr should apply prospectively only. CT Page 8590
Accordingly, the defendant's motion for dissolution of the ex parte prejudgment attachment is denied.
PICKETT, J.