[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The thrust of the plaintiff's claim, as raised in his motion to vacate a prejudgment attachment of property granted in Willocks v. Klein, CV89 0368317S, is that the original ex parte attachment order by Judge Smith on October 2, 1989, was unconstitutional. See Pinsky v. Duncan, 898 F.2d 852 (2d Cir. 1990) (Pinsky, I).
Pinsky I was appealed, under the name Connecticut v. Doehr, to the United States Supreme Court (cert. denied111 S.Ct. 42 (U.S. October 1, 1990)). The Supreme Court affirmed the decision of the Court of Appeals in Pinsky I stating that "[b]ecause Connecticut prejudgment remedy provision, Conn. Gen. Stat. 52-278e(a)(1), violates the requirements of due process by authorizing prejudgment attachment without prior notice or a hearing, the judgment of the Court of Appeals is affirmed . . . ." Doehr, 59 U.S.L.W. 4587, 4593 (1991).
However, what the parties involved herein fail to mention is Pinsky v. Duncan, 907 F.2d 17 (2d Cir. 1990) (Pinsky II). "In a decision on petitions for rehearing of the Pinsky I decision, the court of Appeals granted the appeal' only insofar as we amend our prior opinion to hold that . . . our declaration of the unconstitutionality of [General Statutes 52-278e(a)(1)] shall have prospective effect only, i.e. shall be applicable only to attachments filed after March 9, 1990.'" Pinsky II,907 F.2d at 17. See also Soden v. Johnson, 1 Conn. L. Rptr. 402
(1990) (Cioffi, J.) (wherein the court stated that the Pinsky rule would be applied prospectively only) Id. at 403; and Johnson v. Olase, 5 Conn. L. Rptr. No. 3, 68 (October 21, 1991, CT Page 10812 Pickett, J.) (wherein the court adopted the reasoning of the Soden court).
Therefore, the plaintiff's motion to vacate is denied.
JOETTE KATZ, JUDGE.