[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISSOLVE EX PARTE PREJUDGMENT ATTACHMENT
The motion to dissolve, which is based on a claim that Pinsky v. Duncan, 898 F.2d 852 (2d Cir. 1990) and Connecticut v. Doehr, 111 S.Ct. 2105 (1991) should be applied retroactively, is denied. Even beyond the language of the "prospective effect only" language of the Pinsky II clarification, Pinsky v. Duncan, 907 F.2d 17 (2d. Cir. 1991) Connecticut courts faced with the issue have consistently adhered to the prospective approach. Johnson v. Olcese, No. CT Page 8297 052221, (Super.Ct., Oct. 2, 1991 Pickett, J.); Saden v. Johnson, 1 Conn. L. Reporter 402 (March 26, 1990, Cioffi, J.); New England Redemption v. Silver Realty Partnership, 2 Conn. L. Rptr. 216, 217 (August 1, 1990, Kulawiz, J.) Klein v. Willocks, 5 CTLR 316 (December 2, 1991, Katz, J.). The court notes that plaintiff has had available — but has not pursued — the right to request an evidentiary hearing as to whether probable cause exists to sustain the validity of the prejudgment remedy. Conn. Gen. Stat. ss.52-278k, 52-278e(c)
It is so ordered.
Schaller, J.