[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I.
Introduction and Factual Background
 A.
On June 6, 1980, the plaintiff commenced a contract action against the defendant Pelino S. DiLoreto, aka Paul DiLoreto and obtained a prejudgment attachment of $80,000.00 on 136 Apple Hill, Wethersfield, Connecticut. Paul DiLoreto quitclaimed his interest in the property to his wife, the defendant Joanne DiLoreto, on February 21, 1984. On March 31, CT Page 3903 1984, after trial, the court, Shaughnessy, J., entered judgment against Paul DiLoreto but on appeal, the decision was reversed and remanded for a new trial in Mac's Car City v. DiLoreto, 12 Conn. App. 468, 481 (1987). The matter was then heard by an attorney state trial referee who ruled for the plaintiff and on July 16, 1990, Aronson, J., entered judgment in favor of the plaintiff for $91,002.26, which included interest and attorney's fees. Thereafter, Paul DiLoreto appealed and the judgment was affirmed in Mac's Car City, Inc. v. DiLoreto, 24 Conn. App. 839 (1991).
On October 2, 1990, plaintiff filed a certificate of judgment lien on the property in the amount of $91,002.56.
 B.
On August 7, 1991, the plaintiff filed the instant complaint against the defendants seeking to foreclose the judgment lien on the 136 Apple Hill property. The defendants asserted the following five special defenses: (1) the plaintiff cannot foreclose on said property because the plaintiff failed to comply with the notice provisions of General Statutes52-351a; (2) that as Joanne DiLoreto is not the judgment debtor, she should not be a party to this action and her property should not be foreclosed; (3) that the prejudgment remedy attachment was unconstitutional and thus, the judgment lien could not relate back to the invalid attachment; (4) that the prejudgment attachment was dissolved by operation of law when the appellate court set aside the trial court's judgment; and (5) that if the plaintiff prevails, the judgment lien cannot be for a greater sum than the prejudgment remedy.
On November 20, 1992, plaintiff filed a motion for summary judgment attacking the legal sufficiency of the defendants' special defenses. Both parties have submitted memoranda of law with appended affidavits and supporting documents and this court received certified copies of a warrantee deed, dated August 22, 1973, giving title in the property to Paul and Joanne DiLoreto; a quitclaim deed, dated February 21, 1984, in which Paul DiLoreto conveyed his interest in the property to Joanne DiLoreto; a certificate of attachment, dated June 6, 1980 in favor of Mac's Car City, Inc. against Paul DiLoreto; and the certificate of judgment lien, dated October 2, 1990. CT Page 3904
 II.
Discussion
 A.
1.
Pursuant to Practice Book 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402 (1987). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact . . . [and] [t]he court must view the evidence in the light most favorable to the nonmovant." (Citations omitted.) Nolan v. Borkowski, 206 Conn. 495,500 (1988). When ruling on a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Citation omitted.) Id. A motion for summary judgment may be used to attack the legal sufficiency of a pleading, although a motion to strike is the customary procedure. Meyer v. valley Forge Insurance Co., 3 Conn. L. Rptr. 595
(April 11, 1991, Maiocco, J.).
2.
Pursuant to the recent amendment to Practice Book 379, effective October 1, 1992, "any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial." In the present action, this matter was claimed for the trial list on February 24, 1992. Defendants have objected to the plaintiff's motion for summary judgment on the ground that the plaintiff has not obtained the court's permission to file its motion. This court agrees with the defendants that the plaintiff has failed to comply with the new rule. Nevertheless, due to the unique circumstances of this case, the court will decide this motion.
3. CT Page 3905
In their opposition to the plaintiff's motion, the defendants also contend that the plaintiff is precluded from maintaining an action to foreclose the judgment lien because the plaintiff is a dissolved corporation. There are no factual allegations in the pleadings concerning the corporate status of the plaintiff. Thus, this court need not address this argument because "an attack on the corporate capacity of a plaintiff to sue must be raised by way of special defense." (Citations omitted.) United States Trust Co. of New York v. DiGhello, 179 Conn. 246, 249 (1979). Furthermore, "[s]uch a claim is but a voidable defect, waived if not raised by a defendant in a timely manner." Id.
 B.
1.
In the first special defense, the defendants assert that the judgment lien cannot be foreclosed because the plaintiff failed to comply with the notice requirements of General Statutes 52-351a, which state:
 When a lien is placed on any property . . . the judgment creditor shall send a copy of the lien, or the papers so served, together with a statement as to where the lien was filed or on whom the papers were served to the judgment debtor at his last-known address by first class mail, postage pre-paid.
The statute only requires that the plaintiff mail such notification to the judgment debtor at his last known address. In the present case, in accordance with Practice Book 381, the plaintiff submitted an affidavit of Lisa Barry, Esq., which attests to the fact that notification was sent to Paul DiLoreto, including a copy of the judgment lien (a copy of the letter is attached to the affidavit). Thus, the plaintiff has complied with the notice requirements of General Statutes 52-351(a).
Defendants further contend that the plaintiff failed to comply with the statute because Joanne DiLoreto was not sent any notification with respect to the judgment lien. General Statutes 52-351a provides that notice be sent to the CT Page 3906 "judgment debtor." A judgment debtor is defined as "[a] person against whom judgment has been received, and which remains unsatisfied . . . ." Black's Law Dictionary 845 (6th Ed. 1990).
As Joanne DiLoreto is not a judgment debtor, the statute does not require that notification of the judgment lien be sent to her.
2.
The second special defense, that Joanne DiLoreto is not the judgment debtor, raises the issue of whether an attachment of property survives a conveyance. The defendants assert that the record property owner is Joanne DiLoreto and thus, said judgment lien cannot be foreclosed because no judgment has been entered against Joanne DiLoreto.
This court finds that the judgment lien is valid against the property because Joanne DiLoreto acquired her husband's interest and any encumbrances in said property by way of the quitclaim deed. An attaching creditor acquires a lien upon the debtor's interest in the property at the time of the attachment. Prudent Projects v. Travelers Ins. Co., 3 Conn. App. 429,432 (1985). With a quitclaim deed, the grantor conveys whatever right or interest the grantor has in the property. Hoyt v. Ketcham, 54 Conn. 50, 63 (1886).
Where there is a valid judgment lien, the judgment lien relates back in time to the attachment. Atlas Garage and Custom Builders, Inc. v. Hurley, 167 Conn. 248 (1974). The judgment lien is valid as against Joanne DiLoreto because not only did she take her husband's interest in said property subject to the attachment, but also because she had constructive notice of the attachment when she acquired her husband's interest.
3.
In the third special defense, the defendants assert that the prejudgment attachment is unconstitutional and invalid; thus, any alleged judgment lien cannot relate back to the date of the prejudgment remedy attachment.
In Pinsky v. Duncan, 898 F.2d 852 (2nd Cir. 1990), CT Page 3907 amended on rehearing, 907 F.2d 17 (2nd Cir. 1990), affirmed, Connecticut v. Doehr, ___ U.S. ___, 111 Sup. Ct. 2105,115 L.Ed.2d 1 (1991), the court held that the Connecticut prejudgment remedy statute, General Statutes 52-278e, is unconstitutional in that the statute violates the requirements of due process by authorizing ex parte attachments in the absence of extraordinary circumstances. Nevertheless, on rehearing, the court concluded that "[o]ur declaration of the unconstitutionality of Conn. Gen. Stat. 52-278e(a)(1) shall have prospective effect only, i.e., shall be applicable only to attachments filed after March 9, 1990." Pinsky v. Duncan, at907 F.2d 17. This prejudgment attachment was obtained in June, 1980, and is thus valid.
4.
In the fourth special defense, the defendants assert that the prejudgment remedy attachment was dissolved by operation of law after the appellate court reversed the judgment of the trial court. Connecticut General Statutes 52-278a(d) defines prejudgment remedy as:
 Any remedy or combination of remedies that enables a person by way of attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of his property, prior to final judgment but shall not include a temporary restraining order.
(Emphasis added.)
Defendants cite Preisner v. Aetna Casualty Surety Co., 203 Conn. 407, 415 (1987), for the proposition that a final judgment is rendered where the appellate court finds error, sets aside judgment and remands the case back for a new trial. In Preisner, the court stated "[t]he finality of a judgment may, however, depend upon the outcome of the pending appeal. If the trial court's judgment is sustained, or the appeal dismissed, the final judgment is that of the trial court. If, however, there is reversible error, the judgment is that of the appellate court." (Citations omitted.) Id.; 415. However, in Preisner, the court was not addressing the intended meaning of "final judgment" as it is used in the prejudgment CT Page 3908 remedy context, but was addressing the issue concerning the effect of a pending appeal upon an otherwise final judgment. Moreover, the court in Preisner acknowledged that finality of judgment often depends upon the nature of the issue to be addressed. Id., 414.
"[T]here is no reason to assume that the legislature intended, by using the phrase `final judgment,' to deprive a plaintiff, who awaits final disposition of the case, of the protection afforded by this statute." (Emphasis added.) Brookfield v. Greenridge, 35 Conn. Sup. 49, 51 (Sup.Ct. 1977). In the present case, the rights of the parties were not fully adjudicated when the appellate court remanded the case back to the trial court, thus the attachment did not dissolve by operation of law.
Moreover, a prejudgment remedy attachment is a creature of statute, regulated by statutory law. Essex Group, Inc. v. Ducci Electric Co., 181 Conn. 524, 525 (1980). Dissolving, modifying, or vacating an attachment is governed by General Statutes 52-278e(c) and 52-278k. There is nothing that would indicate that the defendants have availed themselves of the statutory remedy to dissolve or vacate the attachment. The attachment has not been dissolved and remains in place.
5.
In the fifth special defense, the defendants, citing Union Trust Co. v. Heggelund, 219 Conn. 620 (1990), assert that a judgment lien relating back to the prejudgment attachment cannot be for an amount greater than the attachment. Noting strong public policy reasons for limiting judgment liens to the amount of an attachment where there are subsequent encumbrances, the court in Union Trust stated the following:
 A maximum limitation is essential in order to preserve the integrity and efficiency of our recording system. The policy of that system . . . requires that the record shall disclose . . . the true state of the title and the nature and extent of the encumbrance upon it. . . . Sound policy requires that the extent of [the lien] shall CT Page 3909 be known as soon as it exists, in order to preserve the rights of third persons and prevent unnecessary restrictions upon the sale of property.
(Citation omitted.) Id., 627.
In the present action, the attachment was $80,000.00 but the judgment lien on the property is $91,002.56. As noted by the court in Union Trust, "[u]nless the attachment is limited to the sum stated, a plaintiff could establish priority over all subsequent encumbrances by showing at the time of the attachment probable cause for the validity of a claim of one dollar." Id., 625. The judgment lien is limited to the $80,000.00.
 III.
Conclusion
This court concludes that the five special defenses are legally insufficient, except as stated above with the reduction of the lien amount, and that there is no material fact in issue concerning the validity of the judgment lien. Accordingly, summary judgment is granted.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT