[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO THE DEFENDANTS, JOEL R. CALVI, JANICE R. CALVI, AND ROBERT CALVI (#117)
I. Factual and Procedural Background
On December 17, 1999, the plaintiff, Tobin Melien f/k/a Tobin, Levine Glynn ("the plaintiff"), filed suit against the defendants, Joseph R. Calvi, Sr., Joel R. Calvi, Janice R. Calvi, and Robert Calvi, alleging CT Page 7455 that it is entitled to foreclosure on a judgment lien. As against the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi, the plaintiff is seeking foreclosure of the judgment lien as it relates back to the attachment in the amount of $16,801.00. As against the defendant, Joseph R. Calvi, Sr., the plaintiff is seeking a deficiency judgment.
The following facts are alleged: On or about September 14, 1994, the plaintiff rendered legal services to the defendant, Joseph R. Calvi, Sr. Upon non-payment of these legal services, the plaintiff commenced suit. On February 16, 1999, the court entered an Order for Prejudgment Remedy in favor of the plaintiff in the amount of $16,801.00. At this time, the defendants, Joseph R. Calvi, Sr. and Carmela Calvi, were the record owners of two parcels of land ("the property") located in Durham, Connecticut. On March 16, 1999, the plaintiff filed a Certificate of Attachment in the amount of $16,801.00 and recorded the attachment of the property with the Durham Land Records. On October 14, 1999, the plaintiff obtained a judgment in the amount of $20,001.00 plus costs of suit. With said judgment being wholly unsatisfied, on November 19, 1999, the plaintiff filed a Certificate of Judgment Lien relating back to the aforementioned Certificate of Attachment, and recorded the lien with the Durham Land Records. Subsequent to the filing and recording of the attachment, but prior to the filing and recording of the judgment lien, on August 27, 1999, the property was transferred by quit claim deeds to the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi. An outstanding debt in the amount of $20,001.00 plus statutory interest remains due and owing.
On April 28, 2000, the plaintiff filed a motion for summary judgment and supporting memorandum of law as to the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi. The plaintiff argues that it is entitled to summary judgment as to these defendants because they took the property at issue by quit claim deeds, and therefore, take subject to encumbrances of record at the time of the transfer. Specifically, the attachment in the amount of $16,801.00. The defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi, filed a memorandum in opposition and the plaintiff filed a reply.
II. Standard of Review
"The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding on a motion for summary judgment, the CT Page 7456 trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp.v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., supra, 233 Conn. 751-52. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. Royal ParkLimited Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
III. Discussion
The plaintiff moves for summary judgment as to the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi, arguing that it is entitled to summary judgment as to these defendants because they took the property by quit claim deeds, and therefore, take subject to encumbrances of record at the time of the transfer. Specifically, the attachment in the amount of $16,801.00. The plaintiff argues that in accordance with General Statutes § 52-380a,[1] the judgment lien was filed within four months after the judgment; placed on the property which was previously attached; contains a cause referencing that it relates back to that attachment; and therefore, the lien holds from the date of the attachment.
General Statutes § 47-36f entitled "Force and effect of `Quitclaim Deed' form" provides "[a] deed entitled `Quitclaim Deed', when duly executed, has the force and effect of a conveyance to the releasee of all the releasor's right, title and interest in and to the property described therein except as otherwise limited therein, but without any covenants of title." "With a quitclaim deed, the grantor conveys whatever right or interest the grantor has in the property. Hoyt v. Ketcham, 54 Conn. 50,63 (1886)." Mac's Car City, Inc. v. Diloreto, Superior Court, judicial district of Hartford/New Britain at New Britain. Docket No. 446673 (April 22, 1993, Berger, J.).
"In Connecticut, a prejudgment attachment is a provisional remedy afforded to a claimant to secure satisfaction of a judgment in the future. See Connecticut National Bank v. Voog, 233 Conn. 352, 659 A.2d 172
(1995). The right to a prejudgment attachment in Connecticut is statutory. General Statutes § 52-285[2]; Ambroise v. William RaveisReal Estate, Inc., 226 Conn. 757, 766, 628 A.2d 1303 (1993). The requirements for an attachment of real property include recordation of the certificate of attachment on the land records. General Statutes CT Page 7457 § 52-285. Upon recordation, a claimant obtains an inchoate lien until the time of the judgment. State v. Bucchieri, 176 Conn. 339, 348,407 A.2d 990 (1978)." Shawmut Bank v. Brooks Development Corp.,46 Conn. App. 399, 410, 699 A.2d 283 (1997).
"[T]he power to attach property on mesne process is conferred by statute, and being in derogation of the common law it should receive a strict rather than a liberal construction. We continue to follow this rule of construction. Because attachment liens have no common law counterparts; statutes permitting them have always been strictly construed." (Citations omitted; internal quotation marks omitted.) UnionTrust Co. v. Heggelund, 219 Conn. 620, 626, 594 A.2d 464 (1991). SeeHubbell v. Kingman, 52 Conn. 17, 19 (1884).
With respect to judgment liens, "General Statutes §§ 52-328 (b)[3]
and 52-380a (b)[4], require a creditor to file a judgment lien within four months of a `final judgment' if that lien is to relate back, for purposes of priority, to an earlier prejudgment attachment" Mac's CarCity, Inc. v. DiLoreto, 238 Conn. 172, 173, 679 A.2d 340 (1996). The longstanding rule set forth in Hubbell v. Kingman, 52 Conn. 17 (1884) provides, "an attachment of real estate creates a lien only for the amount that it directs the officer to attach, although the later judgment for which the attachment furnishes security may be for a larger amount."Union Trust Co. v. Heggelund, supra, 219 Conn. 624 (finding that pursuant to § 52-380a (b) judgment lien relates back to the amount of the attachment). See Hubbell v. Kingman, supra, 52 Conn. 19-20.
The plaintiff here is seeking to foreclose the judgment lien as to the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi, only up to the amount of the attachment, $16,801.00. The facts are undisputed: The court entered an Order for Prejudgment Remedy in favor of the plaintiff in the amount of $16,801.00. At this time, the defendants, Joseph R. Calvi, Sr. and Carmela Calvi, were the record owners of the property. The plaintiff filed and recorded a Certificate of Attachment in the amount of $16,801.00. Subsequently, the property was transferred by quit claim deeds to the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi. The plaintiff later obtained a judgment in the amount of $20,001.00 plus costs of suit. Pursuant to § 52-380a (b), the plaintiff filed and recorded a judgment lien within four months of the judgment, referencing that it relates back to the attachment. The law is clear. The lien holds from the date of the attachment. The defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi, took the property by quit claim deeds, and therefore, take subject to encumbrances of record at the time of the transfer. Specifically, the attachment in the amount of $16,801.00. Accordingly, there is no genuine issue of material fact, and as a matter of law, the plaintiff is entitled to summary judgment as CT Page 7458 to the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi, in the amount of the attachment of record, $16,801.00.
The defendants claim that the plaintiff has failed to establish a record before the court that would entitle it to summary judgment because it has failed to show that the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi, have interests in the property. This argument is without merit. The record includes copies of recorded and duly executed quit claim deeds for each of these defendants deeding to them an interest in the property at issue. The record also includes a title search summarizing the same.[5]
Accordingly, there is no genuine issue of material fact, and as a matter of law, the plaintiff is entitled to summary judgment as to the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi.
IV. Conclusion
For the foregoing reasons, the plaintiffs motion for summary judgment as to the defendants, Joel R. Calvi, Janice R. Calvi, and Robert Calvi, is granted.
It is so ordered.
By the court
 Arena, Judge