LEWIS TRUCK AND TRAILER, INC. *v.*
ANTOINE JANDREAU
(4899)

SPALLONE, BIELUCH and BERDON, Js.

Argued March 10—decision released June 2, 1987

*Barry T. Pontolillo,* with whom, on the brief, was *Vincent T. McManus, Jr.,* for the appellant (defendant).

*Alan J. Barth,* for the appellee (plaintiff).

BERDON, J. The defendant appeals from the judgment of the trial court on the counterclaim denying him damages for abuse of process. We find no error.

The plaintiff brought this action to recover damages for work done and parts supplied on or about January 5, 1981, for the repair of the defendant's truck. At the commencement of the action, the plaintiff obtained an ex parte prejudgment remedy for the attachment of the truck. Upon the defendant's motion, the court, *Fracasse, J.,* dissolved the attachment for lack of probable cause because the plaintiff did not obtain written authorization for the work pursuant to General Statutes § 14-65f (a), which became effective on October 1, 1980. Section 14-65f (a) provides in part: "A repair shop shall not charge for work done or parts supplied without a written authorization or in excess of the estimate unless the customer gives consent orally or in writing."

The defendant filed an answer with several special defenses and a counterclaim. In his counterclaim, the defendant sought damages from the plaintiff, alleging that the attachment of the truck "constituted an abuse of process, in that the process was used [in] a malicious and improper manner with the unlawful intent and purpose of compelling the Defendant by duress to pay monies to the Plaintiff, which it was not due." It was conceded by the defendant that he relies solely upon the doctrine of abuse of process. That being so, he may not recover upon any other ground. *Smith* v. *Furness,* 117 Conn. 97, 101, 166 A. 759 (1933).

In Connecticut "we have long recognized abuse of process as a cause of action in tort whose gravamen is the misuse or misapplication of process, its use 'in

an improper manner or to accomplish a purpose for which it was not designed.' " *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 475, 427 A.2d 385 (1980) quoting *Varga* v. *Pareles,* 137 Conn. 663, 667, 81 A.2d 112 (1951); 3 Restatement (Second), Torts § 682. It is now clear that an ulterior motive, although usually present, is not an essential element of this cause of action. *Varga* v. *Pareles,* supra.

The purpose of the prejudgment remedy of attachment is "security for the satisfaction of the plaintiff's judgment, should he obtain one." *Coit* v. *Sistare,* 85 Conn. 573, 578, 84 A. 119 (1912); *Meyers* v. *C. I. T. Corporation,* 132 Conn. 284, 287, 43 A.2d 742 (1945). The trial court found that the plaintiff used the attachment for the sole purpose of securing payment of the indebtedness it claimed. There was no evidence or finding by the court that the attachment was misused or misapplied. The defendant does not challenge the trial court's findings. Since the prejudgment remedy was used for its proper purpose, the plaintiff did not abuse the use of this process.

Nevertheless, the defendant argues that, as a matter of law, the obtaining of a prejudgment remedy when it was probable that the debt could not be enforced as a result of General Statutes § 14-65f (a) constituted an abuse of a process. The defendant, however, confuses vexatious litigation[1] or malicious prosecution with the cause of action for abuse of process. "Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or mis-

---

[1] "A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor." *Vandersluis* v. *Weil,* 176 Conn. 353, 356, 407 A.2d 982 (1978).

applying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently, in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause." (Footnotes omitted.) W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 121, p. 897.

There is no error.

In this opinion the other judges concurred.