[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Whether the motion to strike counts two, four and six of plaintiffs' Substituted Complaint should be granted? The motion should be granted as to count six, and denied as to counts two and four.
FACTS
This action arises out of a transaction between the parties involving an "Agreement of Purchase and Sale" and "Indenture of Lease" of a Dairy Queen store located in Manchester, Connecticut. The essential event which serves as the basis for this lawsuit is the repossession by the defendants of personal property located at the Dairy Queen.
Plaintiffs filed a six (6) count substituted complaint against the defendants on June 28, 1990. This case is presently before the court on the defendants' motion to strike counts two, four and six. The pertinent facts as alleged in these counts are as follows.
In March of 1988 the plaintiffs, Douglas G. and Shirley M. Viel ("the Viels"), and the defendants, Frederick C. and Dorothy A. Annulli ("the Annullis") allegedly entered into an "Agreement of Purchase and Sale" for the business assets, including good-will, equipment and leasehold interest, of a Dairy Queen store in Manchester, Connecticut. Thereafter, CT Page 3196 the plaintiffs operated the store. The parties also entered into an "Indenture of Lease" for the premises where the Dairy Queen was located.
In April of 1989, while the Viels were in lawful and peaceful possession of the premises, the Annullis and defendant American Lenders Service Co. of Hartford, Inc. allegedly forcibly entered the premises and removed personal property of the plaintiffs and rendered other personal property unusable. Plaintiffs allege that the Annullis had no right to enter the premises and have retained possession of the personal property despite having no right to do so.
The second count alleges that the repossession, carried out in breach of peace in violation of Conn. Gen. Stat. Sections 42a-9-507, 42a-9-504, and 42a-9-503, constitutes a violation of CUTPA, the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Sec. 42-110b et seq. The fourth count alleges that the actions of the defendants constituted a constructive eviction and/or dispossession of the plaintiffs of the demised premises.
The sixth count alleges that in 1989 the Annullis commenced an action in this Judicial District against the Viels and attached plaintiffs' property in the amount of $160,000.00. The cause of action in the Annullis' complaint was the collection of allegedly past due amounts on a promissory note secured by personal property and disabled other personal property as a secured party on default pursuant to Conn. Gen. Stat. Sec. 42a-9-503. Plaintiffs further allege that the Annullis have abused judicial process by proceeding with self-help remedies in violation of Conn. Gen. Stat. Sec. 42a-9-503 and without a court order.
Defendants move to strike each of these three counts. As to count two, they argue that plaintiffs have alleged but a singe act, and a single act cannot be the basis for a CUTPA action. As to count four, they contend that because defendants are alleged to have seized personal property, and personal property is not premises, plaintiff have failed to state a claim for constructive eviction. As to the sixth count, defendants argue that the only process they used was commencing a legitimate action and obtaining a proper attachment.
COUNT TWO — CUTPA
It is not necessary to allege more than a single act to state a claim for a violation of CUTPA. CT Page 3197 See Allison v. Widder, 1 Conn. L. Rptr. 461, 462 (Cioffi, J., 1990); Judge v. Housemaster of America, 2 CSCR 421 (March 9, 1987, Gill, J.); Student v. Cardascio, 2 CSCR 382, 383 (March 3, 1987, Reynolds, J.); Conn. Light Power Co. v. Paonessa, 2 CSCR 160, 161 (December 19, 1986, Koletsky, J.); Thompson v. Colasanto, 2 CSCR 229,230 (December 8, 1986, Goldstein, J.)
Because defendants' motion to strike this count relies solely on the claim that plaintiffs have alleged but one act, the motion to strike this count is denied on the sole ground asserted by the defendants.
COUNT FOUR — CONSECUTIVE EVICTION
"`"A constructive eviction arises where a landlord, while not actually depriving the tenant of any part of the premises leased, has done or suffered some act by which the premises are rendered untenantable." (citation omitted.)." Johnson v. Fuller, 190 Conn. 552, 559 (1983).
 "[w]hether the premises are untenantable is a question of fact for the trier, to be decided in each case after a careful consideration of `the situation of the parties to the lease, the character of the premises, the use to which the tenant intends to put them, and the nature and extent by which the tenant's use of the premises is interfered with by the injury claimed.'
Id. at 556-57 (citations omitted).
That plaintiffs have pled sufficient facts in the fourth count to state a claim for constructive eviction. Whether a constructive eviction actually occurred is a question of fact which cannot be decided on a motion to strike. Therefore, the motion to strike count four is denied.
COUNT SIX — ABUSE OF JUDICIAL PROCESS
 An action for abuse of process lies against any person using a "legal process against another in an improper manner or to accomplish a purpose for which is was not designed." Varga v. Pareles, supra, 667; Schaefer v. O.K. Tool Co., 110 Conn. 528, 532-33, 148 A. 330 (1930). Because the tort arises out of the accomplishment of a result that CT Page 3198 could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, Sec. 682, emphasizes that the gravamen of the action for abuse of process is the use of "a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . ." (Emphasis added.) Comment b to Sec. 682 explains that the addition of "primarily" is meant to exclude liability "when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." See also 1 F. Harper, F. James O. Gray, Torts (2d Ed. 1986) Sec. 4.9; R. Mallen v. Levit, Legal Malpractice (2d Ed. 1981) Sec. 61; W. Prosser W. Keeton, Torts (5th Ed. 1984) Sec. 121.
Mozzochi v. Beck, 204 Conn. 490, 494 (1987). An ulterior motive is not an essential element of the cause of action. Lewis Truck Trailer, Inc. v. Jandreau, 11 Conn. App. 168,170 (1987). "`The purpose for which the process is used, once it is issued, is the only thing of importance.'" Id. at 171.
The sixth count of the Substituted Complaint fails to state a claim for abuse of process. There is no allegation that the attachment obtained by the defendants in their collection action against these plaintiffs was obtained for an improper purpose. Exercising self-help remedies pursuant to Conn. Gen. Stat. Sec. 42a-9-503 (rev'd to 1991) is specifically not a use of judicial process, and therefore an allegation that defendants exercised self-help remedies cannot amount to an allegation of abuse of process. Therefore, the sixth count is stricken.
Dunn, J.