[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105
The plaintiff has moved to strike counts one, two, and three of the defendant's counterclaim on the grounds the allegations contained therein are based solely upon the allegations of the plaintiffs' complaint, which carry an "absolute privilege," and cannot therefore be relied upon to form the basis of a claim upon which relief can be granted.
This action arises out of a contract between the plaintiffs, Robert and Roseann Vallombroso, and the defendant, Leroy Brockett, wherein the defendant agreed to perform construction upon the plaintiffs' house for the sum of $13,500.00. The plaintiffs filed a three-count complaint on October 11, 1991.
In count one of their complaint, the plaintiffs allege that the defendant breached the contract by not performing his obligation thereunder in a workmanlike manner. In count two of their complaint, the plaintiffs allege that the defendant made certain misrepresentations which constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110(a) et seq. Finally, in count three, the plaintiffs allege that the defendant violated various provisions of the Home Improvement Act, General Statutes 20-427(a) et seq., and that such violations accordingly constitute a violation of CUTPA. The plaintiffs attach to their complaint a copy of a work order, signed by the defendant, with the notation "paid in full" on it.
The plaintiffs' application for prejudgment remedy was granted by DeMayo, J. on December 9, 1991. The defendant filed an answer, two special defenses, and a three-count counterclaim on February 27, 1992. In his first special defense, the defendant asserts that the plaintiffs' action must fail because they had fully paid the contract and accepted the work performed by the defendant. In his second special defense, the defendant asserts that "[t]he work performed by the defendant was satisfactory and any claim made by plaintiffs is malicious, and is intended to obtain monies the plaintiff's [sic] are not entitled to because a contract in compliance with Connecticut General Statutes Section CT Page 585020-429 et seq. was entered into between the parties and the plaintiffs have intentionally lost or destroyed it."
The defendant alleges in the first count of his counterclaim that the plaintiffs made false accusations in their complaint which amount to an abuse of process. In count two, the defendant alleges that the false allegations and accusations made by the plaintiffs in their complaint were malicious and as a result of these allegations and accusations the defendant has suffered extreme emotional distress. In his third count, the defendant alleges that the allegations and accusations made by the plaintiffs in their complaint constitute negligence, and as a result, the defendant has suffered extreme emotional distress.
The plaintiffs filed a motion to strike the first three counts of the defendant's counterclaim on April 13, 1992, arguing that they are legally insufficient and fail to set forth essential factual elements upon which relief can be granted. The defendant filed a memorandum in opposition on May 4, 1992.
A motion to strike is proper to contest the legal sufficiency of "any allegations of any . . . counterclaim to state a claim upon which relief can be granted. . . ." Practice Book 152; Rowe v. Godou, 209 Conn. 273, 280 n. 10, 532 A.2d 978 (1988). In ruling on a motion to strike, all facts are construed in the manner most favorable to the pleader. Rowe v. Godou, supra, 278. In order to be successful, the movant "must show that the court could not in the exercise of sound discretion permit the action to proceed." England v. Coventry, 183 Conn. 362, 365, 439 A.2d 372 (1981).
The plaintiffs have interpreted the defendant's counterclaims to allege negligent and intentional infliction of emotional distress. The plaintiffs argue that the defendant's counterclaims, alleging negligent and intentional infliction of emotional distress arising out of the allegations made by the plaintiffs in their complaint, are legally insufficient to state a cause of action upon which relief can be granted because allegations in a complaint carry an "absolute privilege." The plaintiff relies on DeLaurentis v. New Haven, 220 Conn. 225, 263,597 A.2d 807 (1991). The court in DeLaurentis held that "statements contained in the summons and statements of charges are absolutely privileged at common law and that no cause of action for intentional infliction of emotional distress based on those statements can lie." Id., 263.
The defendant argues that DeLaurentis does not apply in the instant case because his counterclaims do not seek damages for emotional distress but rather for "abusive process," fraud and negligence. CT Page 5851
Our case law is clear that the allegations of a complaint are absolutely privileged. "There is a `long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy.'" Petyan v. Ellis, 200 Conn. 243, 245-26, 510 A.2d 1337 (1986), quoting Circus Circus Hotels, Inc. v. Witherspoon, 99 Nev. 56, 60, 657 P.2d 101
(1983).
The "absolute privilege" which attaches to the words used in a complaint does not, however, preclude a party from bringing an action for abuse of process or vexatious suit. An action for vexatious suit is based upon a prior civil action, and in order to be successful, a plaintiff must "prove want of probable cause, malice, and a termination of suit in the plaintiff's favor." Lewis Truck Trailer, Inc. v. Jandreau, 11 Conn. App. 168, 170
n. 1, 526 A.2d 532 (1987), quoting Vandersluis v. Weil, 176 Conn. 353,356, 407 A.2d 982 (1978).
 Abuse of process differs from [vexatious litigation] in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used once it is used is the only thing of importance.
Lewis Truck Trailer, Inc., supra, 170, quoting W. Prosser W. Keeton, Torts (5th Ed. 1984) 121, p. 897. It follows that liability for abuse of process is not based upon the words qua words in a plaintiff's complaint, but, rather on the use of the judicial process for an improper purpose. "Thus, whether or not a party is liable for `vexatious suit' in bringing an unfounded and malicious cause of action [or abuse of process], he is not liable for the words used in the pleadings and documents used to prosecute the suit." DeLaurentis, supra, 263-264.
The defendant alleges in the first count of his counterclaim that the false allegations, that is the words used and contained in the plaintiffs' complaint, constitute an abuse of process. The other two counts of the defendant's counterclaim are also based upon the allegations of the plaintiffs' complaint. Since, as has been discussed above, a plaintiff is not "liable for the words used in the pleadings and documents used to prosecute the suit," counts one, two, and three of the defendant's counterclaim are legally insufficient and must fail. Accordingly, the plaintiffs' motion to strike these counts is granted. CT Page 5852
Maiocco, J.