[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before this court is motion for Summary Judgment filed by defendant Joanne S. Faulkner.
The original complaint in this action is dated June 2, 1993. The plaintiffs, James and Rosemary Mascia (the Mascias), filed the complaint against defendant attorney Joanne S. Faulkner (Faulkner) and defendants Dillon, Dowd, McLaurin, Savage, Nazario, Rodrigues, Peyton, Johnston, Brumberg, and Mewborn (the non-lawyer defendants). The Mascias filed an amended complaint on November 12, 1993. The Mascias filed a "Corrected Amended Complaint" on November 19, 1993, in which they alleged the following pertinent allegations. The Mascias alleged that the defendants committed fraud [counts 3 and 4] and that attorney Faulkner violated the Connecticut Unfair Trade Practices Act [CUTPA] [count 5]. The Mascias also claimed that the defendants conspired to commit fraud [counts 6 and 7] and that the defendants' actions constituted negligent and intentional infliction of severe emotional distress [counts 8 and 9]. In addition, the Mascias alleged that attorney Faulkner committed tortious interference and abuse of process [counts 9, 12 and 13].[1]
On November 22, 1993, the non-lawyer defendants filed a motion for summary judgment as to the "Corrected Amended Complaint" filed November 19, 1993. On November 29, 1993, the Mascias requested, and were granted, additional time to respond to the non-lawyer defendants' motion for summary judgment. On February 11, 1994, the Mascias filed a memorandum of law in opposition to the non-lawyer defendants' motion. On March 9, 1994, the Mascias filed an "Amendment to Complaint." This complaint is filed against attorney Joanne S. Faulkner and non-lawyer defendants: Dillon, Dowd, McLaurin, Savage, Nazario, Rodrigues, Peyton, Johnston, Brumberg, and Mewborn. The Mascias allege, in pertinent part, fraud, subornation of perjury, conspiracy to commit fraud [counts 1, 2, 6], intentional infliction of emotional distress [count 9], tortious interference [count 12], violation of the Connecticut Unfair Trade Practice Act [CUTPA] General Statutes § 42-110 [count 5], and abuse of process [count 13]. CT Page 2362
On April 29, 1994, at oral argument, the Mascias conceded that summary judgment should be granted as to counts 3, 4, 7, 8, 10, 11, and 12. Mascia v. Faulkner, Superior Court, judicial district of New Haven, Docket No. 34 90 36 (April 29, 1994, Fracasse, J.). Counts 2 and 5 were not at issue because they were directed solely toward defendant Faulkner who was not a party to the November 22, 1993 motion for summary judgment. In a memorandum of decision dated April 28, 1994, the court, Fracasse, J., granted the motion for summary judgment on the March 9, 1994, "Amendment to Complaint" as to counts 1, 3, 4, 6, 7, 8, 9, 10, and 11, and denied the motion as to count 13. Count 13 remains against the non-lawyer defendants.
On September 19, 1994, attorney Ruggiero (who filed an appearance on behalf of the Mascias on January 5, 1994) and attorney Faulkner appeared before the court, Fracasse, J., for a clarification of the April 29, 1994 memorandum of decision. On September 22, 1994, this court entered an additional order relating to the non-lawyer defendants' motion for summary judgment. The order clarified that only count 13 remains against the non-lawyer defendants and that all counts remained against attorney Faulkner.
The operative complaint for purposes of the present motion is comprised of two documents: the "Amendment to Complaint" filed March 9, 1994, and the "Supplemental Amendment to Complaint" filed September 20, 1994. The "Supplemental Amendment to Complaint" amended "[p]aragraphs 2, 51, and 55 of the First and Second Counts and the corresponding paragraphs thereof incorporated into the other counts of the Complaint as previously amended on March 9, 1994." The September 20, 1994 document is substantively identical to a July 18, 1994 document entitled "Request for Leave to File Amendment to Complaint."
In the present complaint, the Mascias allege that attorney Faulkner is an attorney who represented the non-lawyer defendants in a federal action brought against the Mascias. The federal district court found that the Mascias had violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq., and granted summary judgment against the Mascias with an accompanying $142,000 judgment.
On October 18, 1994, the defendant Faulkner filed a motion for summary judgment and a memorandum of law in support. This is the motion before the court at this time. Dated November 9, 1994, the CT Page 2363 Mascias filed a memorandum of law in opposition to defendant Faulkner's motion for summary judgment. Dated November 27, 1994, the Mascias filed a "supplement to memorandum of law in opposition to attorney defendant's motion for summary judgment." Both parties filed affidavits in support of their respective positions. The Mascias filed additional exhibits.
At oral argument, on November 21, 1994, the parties agreed that judgment should enter in favor of attorney Faulkner on counts 3, 4, 7, 8, 10, and 11. This agreement left counts 1, 2, 5, 6, 9, 12, and 13 remaining against attorney Faulkner.
Practice Book § 384 states that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corporation, 229 Conn. 99, 105. The movant "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Id. "The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id., citing Practice Book § 381. The court "must view the evidence in the light most favorable to the nonmoving party." Id.; Lees v. Middlesex Insurance Co., 229 Conn. 842,849-50.
Faulkner argues in her memorandum in support of her motion for summary judgment that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law. Faulkner argues that the Mascias fail to state a cause of action with respect to some claims. Faulkner claims that the Mascias are barred from some claims by the doctrine of res judicata, because statements made in judicial proceedings are privileged, and because derivative actions cannot be maintained upon the failure of the main action.
The Mascias argue in their memorandum that neither res judicata nor collateral estoppel applies because attorney Faulkner was not a party in the federal action and because there are allegations against her that were not part of the federal action. The Mascias argue that Faulkner took harmful actions against them which were not part of the lawsuit and that, as a result, she may not claim privilege. The Mascias argue that there are abundant CT Page 2364 facts to implicate the defendant on their claims.
The Mascias argue in their "supplement to memorandum of law" that Faulkner improperly used the previous federal litigation and executed wrongful or malicious attachment of their property. The Mascias allege that their evidence demonstrates Faulkner's intent to cause emotional distress, abuse of the judicial process, and interference with the Mascias' recovery in other litigation.
COUNTS 1, 2, AND 6
In count 1, the Mascias allege that Faulkner authored the non-lawyer defendants' affidavits used in the federal action, that these affidavits were practically identical, and that they contain false and misleading statements. The Mascias allege that Faulkner obtained the signatures of the non-lawyer defendants on these affidavits "under penalties of perjury." When the Mascias took the depositions of the non-lawyer defendants, the Mascias allege that Faulkner was present and insisted that each of the non-lawyer defendants be present to hear the depositions of all the others. The Mascias allege that Faulkner coached the non-lawyer defendants "to conform their answers to their affidavits" but failed because there are blatant contradictions. The Mascias allege that the fabricated affidavits were used to obtain a cease and desist order against them by the State of Connecticut Department of Banking. The Mascias allege that this order was the basis for the United States District Court's ruling against them.
In count 2, the Mascias allege that Faulkner's actions were part of an attempt to gain prejudgment remedies and to deceive both the United States District Court and the State of Connecticut Department of Banking. In count 6, the Mascias allege conspiracy to commit fraud upon the United States District Court.
As this court observed in Mascia v. Faulkner, supra, res judicata works as "`an absolute bar to a subsequent action on the same claim.'" Id., quoting State v. Ellis, 197 Conn. 436, 462-63, quoting State v. Aillon, 189 Conn. 416, 423, cert. denied, 464 U.S. 837,104 S.Ct. 124, 78 L.Ed.2d 122 (1983); Mulligan v. Rioux,229 Conn. 716, 751. Res judicata "prohibits the relitigation of an issue when that issue was actually litigated and necessarilydetermined in a prior action between the same parties upon a different claim. . . . [T]he ultimate inquiry [is] to ask whether the party had an `adequate opportunity to litigate the matter in the earlier proceeding. . . .'" (Emphasis in original.) Mascia v.CT Page 2365Faulkner, supra; Mulligan v. Rioux, supra; Jackson v. R.G. Whipple,Inc., 225 Conn. 705, 714.
To be precluded, the issue "must have been fully and fairly litigated in the first action . . . actually decided . . . and the decision must have been necessary to the judgment." Mulligan v.Rioux, supra, 229 Conn. 751. "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." (Internal quotation marks omitted.) Carol Management Corp. v. Board of Tax Review, 228 Conn. 23,32. "An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Internal quotation marks omitted.) Id., 33. "If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action." Crochiere v. Board of Education,227 Conn. 333, 343.
Count two of the federal action was a CUTPA claim. (Mascias' Exhibit F: Ten Defendants' Second Count on CUTPA in Federal Action.) The plaintiffs in that action (non-lawyer defendants in the present case) submitted their affidavits to the federal court. The federal district court found the Mascias "disturbed by the alleged dishonesty of the plaintiffs (non-lawyer defendants in the present case) and their attorney." The federal district court, however, granted the present defendants' (plaintiffs in the federal action) motion for summary judgment on the CUTPA claim based on the Mascias' failure to register with the Banking Department and not based on the present defendants' representations or affidavits. (Mascias' Exhibit G-1: Excerpt from Federal District Court's Ruling on Post Summary Judgment Motion.) Therefore, the Mascias' had placed the present defendants' affidavits in issue during the federal case.
The same affidavits are the basis for this state court claim. As this court stated with respect to the non-lawyer defendants' motion for summary judgment in its April 29, 1994 decision, the Mascias "had an adequate opportunity to litigate all such issues in the earlier [federal] proceeding. . . ." Mascia v. Faulkner, supra. In Mascia v. Faulkner, regarding the non-lawyer defendants' motion for summary judgment, the Mascias' claims for the non-lawyer defendants' submission of false and misleading affidavits, for conspiracy to commit fraud, and for intentional infliction of emotional distress were barred by res judicata because of the federal action. Id. Similarly, with respect to Faulkner's present CT Page 2366 motion for summary judgment, the Mascias' allegations that Faulkner submitted false and misleading affidavits, suborned perjury, and conspired to commit fraud are also barred by the doctrine of res judicata, or claim preclusion. Therefore, this court should grant summary judgment in favor of Faulkner on these counts 1, 2, and 6.
COUNT 5
Count 5 alleges that Faulkner violated CUTPA by her "unconscionable unprofessional practices, patterned deceptive frauds, false pretenses, misrepresentation, subornation of perjury, [and] fraud." A "claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or to her." Jackson v. R. G. Whipple, Inc., 225 Conn. 705,727. "Providing a private cause of action under CUTPA to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf." Id. "Imposing liability under CUTPA on attorneys for their representation of a party opponent in litigation would not comport with a lawyer's duty of undivided loyalty to his or her client. This consideration compels a conclusion that the trial court properly determined that the plaintiff[s] did not have the requisite relationship with [the attorney] to allow [them] to bring suit" against the attorney under CUTPA. Id., 729.
In the present case, the Mascias allege a violation of CUTPA against Faulkner, the attorney of their party opponent in related litigation. This type of action is precisely the type that Jackson
prohibits. The Mascias concede that "the present state of our law appears to preclude the [CUTPA] claim." (Mascias' Brief of 11/19/94 at 20.) Faulkner's motion for summary judgment should be granted as to Count 5.
COUNT 9
Count 9 alleges that the "defendants' actions particularized above constitute ongoing intentional infliction of severe emotional distress." There are four elements to intentional infliction of emotional distress, "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's CT Page 2367 conduct was the cause of this plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe."Barry v. Posi-Seal International, Inc., 36 Conn. App. 1, 19.
Intentional infliction of emotional distress is an action that occurs due to "behavior directed at a claimant." Marshak v.Marshak, 226 Conn. 652, 659. "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v.New Haven, 220 Conn. 225, 267. "[T]he intent to cause injury is the gravamen of the tort." Id.
The Mascias argue that their claims are not subject to res judicata because Faulkner committed wrongs against them that were not part of the federal litigation. The Mascias argue that Faulkner's "ongoing deliberate, malicious, vindictive, sinister actions" were calculated to destroy every aspect of the Mascias' lives and caused them grave damage.
The Mascias argue that Faulkner sent them "bizarre letters quoting religious scriptures or including copies of biblical passages and catholic doctrine. Some of this negatively reflected on the Mascias' marital status as divorcees who have remarried. These were sent in the attorney's legal stationery envelopes, along with pleadings and papers pertaining to the previous federal action. The letters contained berating and derogatory comments." (Mascias' Memorandum of Law in Opposition to Defendant Faulkner's Motion for Summary Judgment, pp. 13-14.) The Mascias submitted copies of these documents in support of their memorandum in opposition to Faulkner's motion for summary judgment. (Mascias' Exhibit C: Letters and Religious Material; Exhibit D: Faulkner Communication to Board of Examiners for Nurses.)
Faulkner argues that the Mascias have alleged "bald, legal conclusions." (Faulkner's Memorandum of Law in Support of Motion for Summary Judgment, p. 16.) In the alternative, she argues that even if "the court finds a cause of action for intentional infliction of emotional distress has sufficiently been pled, same is barred by the doctrine of res judicata and because statements made in judicial proceedings are privileged." (Faulkner's Memorandum of Law in Support of Motion for Summary Judgment, p. 16.) CT Page 2368
Summary judgment is inappropriate for issues involving "motive, intent and subjective feelings and reactions." United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364, 376. Faulkner's intent, whether the conduct was extreme and outrageous, whether Faulkner's conduct caused the Mascias' distress, and the j severity of the Mascias' distress are all genuine issues of material fact for the jury. There are genuine issues of material fact, regarding intent in particular, and the genuine issues of material fact are sufficient to necessitate denial of Faulkner's motion for summary judgment as to count 9.
COUNT 12
Count 12 alleges that the "[d]efendants perpetrated numerous incidents of tortious interference specifically designed to destroy or jeopardize the Mascias' careers, livelihood and recovery in other litigation which has severely impoverished Plaintiffs Mascia." The elements of tortious interference are "the existence of a contractual or beneficial relationship, the defendant's knowledge of that relationship, the intent to interfere with it and the consequent actual loss suffered by the plaintiff." Beizer v.Goepfert, 28 Conn. App. 693, 701.
"An action for tortious interference with a business expectancy is well established in Connecticut." Golembeski v.Metichewan Grange No. 190, 20 Conn. App. 699, 702. This action for tortious interference requires proof that "the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously." (Internal quotation marks omitted.) Id. Yet, "not every act that disturbs a contract or business expectancy is actionable" because the defendant must have engaged in "improper conduct." (Internal quotation marks omitted.) Id. Courts consider seven factors in determining whether the defendant's conduct was improper: "(a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference and (g) the relations between the parties."Blake v. Levy, supra, 191 Conn. 263.
The Mascias contend that Rosemary Mascia had a career and livelihood attributable to her nursing license and registration since 1953. The Mascias maintain, however, that Faulkner CT Page 2369 communicated with the Board of Nursing Examiners and that 25 days later the Board "took action revoking Mrs. Mascia's nursing license and registration." (Mascias' Memorandum of Law in Opposition to Defendant Faulkner's Motion for Summary Judgment on 11/19/94, p. 16.) The Mascias state that Faulkner requested information about Rosemary Mascia and in so doing "gratuitously add[ed] details of the then pending federal litigation, with an inflammatory characterization of it as a `pyramid sale scheme' and reporting a cease and desist order by the Banking Department." (Mascias' Memorandum of Law in Opposition to Defendant Faulkner's Motion for Summary Judgment, p. 16; Mascias' Exhibit D.) Faulkner later sent materials about the federal litigation to the Board of Nursing Examiners. (Mascias' Memorandum of Law in Opposition to Defendant Faulkner's Motion for Summary Judgment on 11/19/94, pp. 16-17; Mascias' Exhibit D.)
The Mascias also allege that Faulkner's contact with their opposing counsel in an unrelated personal injury case resulted in a lower settlement. (Mascias' Memorandum of Law in Opposition to Defendant Faulkner's Motion for Summary Judgment on 11/19/94, p. 17; Rosemary Mascia's Affidavit.)
Plaintiffs' have failed to file affidavits or other proof that Faulkner's conduct was a cause of any business loss to plaintiffs. Therefore, this court should grant summary judgment in favor of Faulkner in Count 12.
COUNT 13
Under Count 13, plaintiffs incorporate the allegations of Count 2 and make further allegations with the intent to assert a cause of action sounding in abuse of process. When "the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed" occurs, then abuse of process has occurred. Mozzochi v. Beck, 204 Conn. 490, 494. An abuse of process action lies against any person "using a legal process against another in an improper manner or to accomplish a purpose for which it was not designated." Id. "The abuse occurs through the employment of process for a wrongful and malicious purpose to attain an unjustifiable end or an object that the particular process was not meant to effect." (Internal quotation marks omitted.) Ulichny v. City of Bridgeport, 230 Conn. 140, 145 n. 8. In Ulichny, the trial court granted summary judgment for the defendant because there was no evidence of "intent to misuse or abuse legal process" on the part of the defendant, and the CT Page 2370 Connecticut Supreme Court upheld the trial court. Id., p. 143.
"An incidental motive of spite or an ulterior purpose of benefit to the defendant is not sufficient to constitute a cause of action for abuse of process." (Internal quotation marks omitted.)Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 720; see Lewis Truck Trailer, Inc. v. Jandreau, 11 Conn. App. 168, 169-70 (stating that "[i]t is now clear that an ulterior motive, although usually present, is not an essential element of [an abuse of process] action"). Abuse of process actions may be brought against attorneys. Mozzochi v. Beck, supra, 204 Conn. 495. In such cases, precautions must be taken to not "have a chilling and inhibitory effect on would-be litigants of justiciable issues . . . or interfere with the attorney's primary duty of robust representation of the interests of his or her client." (Citation omitted.) Jackson v.R.G. Whipple, Inc., supra, 720.
The Mascias argue that they have presented facts in support of their abuse of process claim and that the court previously denied the non-lawyer defendants' motion for summary judgment on the abuse of process claim the Mascias filed against them. (Mascias' Memorandum in Opposition to Defendant Faulkner's Motion for Summary Judgment of 11/19/94, pp. 20-22.) Faulkner argues that the Mascias do not allege facts that could constitute abuse of process. (Faulkner's Memorandum, pp. 21-22.)
In Mascia v. Faulkner, supra, regarding the non-lawyer defendants' motion for summary judgment, this court found that "[t]he plaintiffs, however, do allege abuse of process in count thirteen. The plaintiffs allege that the defendants used the federal litigation `to destroy or jeopardize the Mascias' careers, livelihood and recovery in other litigation . . . .' The plaintiffs allege further that the defendants were motivated by `personal revenge and vindictiveness against the Mascias' and those motives were `not intended to enhance the possibilities of financial recovery of their alleged losses.' Questions of fact exist as to whether the defendants intended to use the federal action primarily for other purposes. Since the absolute privilege for statements made during judicial proceedings does not apply to abuse of process actions and there exists genuine issues of material fact, the motion for summary judgment on count thirteen should be denied as to the ten non-lawyer defendants." Mascia v. Faulkner, supra.
This court should deny Faulkner's motion for summary judgment on count 13. CT Page 2371
Accordingly, this court grants Faulkner's motion for summary judgment with respect to counts 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, and 12 and denies the motion for summary judgment with respect to counts 9 and 13.
The plaintiffs are ordered to file a substitute complaint consisting of the counts which remain as to the defendants.
Ronald J. Fracasse, Judge