[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKEDEFENDANT'S SECOND COUNTERCLAIM
This is an action instituted by plaintiff, Bank Leumi Trust Company of New York, alleging that the defendant, Frederick Modell, transferred his interest in certain real property to his wife, Vicky Modell, in order to avoid the plaintiff's debt or hinder its collection.
The defendants have filed two counterclaims. In the first counterclaim, defendants allege, inter alia, that plaintiff wrongly instituted involuntary, Chapter 7 bankruptcy proceedings against Frederick Modell; made false, slanderous, and libelous statements against Modell as part of the bankruptcy action; and instituted the instant fraudulent conveyance action only after dismissal of the bankruptcy action and after Modell had instituted a lender liability action against it. Defendants claim that in instituting the fraudulent conveyance action, plaintiff is acting in bad faith and is committing oppressive, unfair and deceptive practice in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110(g).
In the second counterclaim, defendants incorporate the factual allegations of the first counterclaim and further allege that plaintiff, as part of the fraudulent conveyance action, has filed a lis pendens adversely affecting title to the property in dispute. Defendants allege that the lis pendens was filed in an "improper CT Page 1365-WWWW manner" and in order to "accomplish a purpose for which a lis pendens was not designed, with malice, spite or ulterior motive." Defendants do not seek to discharge this "improperly" filed lis pendens, but seek damages on the ground that the filing constitutes an abuse of process.
Pending before the court is plaintiff's motion to strike the second counterclaim alleging abuse of process. The plaintiff argues that it is legally permitted to file a lis pendens because this fraudulent conveyance action is "intended to affect real property". See C.G.S. § 52-325(a).
The motion to strike tests the legal sufficiency of the counterclaim, and in considering this motion, all well pleaded facts of the counterclaim must be assumed to be true. However, the court is not required to accept as true the legal conclusions or generalized opinions alleged in the pleadings. See Practice Book § 152; Mora v. Aetna Life For Casualty Insurance Company, 13 Conn. App. 208,211 (1988).
To support their claim that plaintiff has abused process, defendants state generally that plaintiff filed the lis pendens in an "improper manner", but defendants fail to provide any facts explaining how the lis pendens was improperly filed. In the absence of any specific factual allegations to support this conclusory statement, and in construing the averments liberally in defendants' favor, the only apparent improper aspect of the lis pendens is that it was filed "with malice, spite or with an ulterior motive".
The court agrees with the plaintiff that these very generalized allegations, only calling into question plaintiff's motives, are insufficient to state a cause of action for abuse of process.
The basis of the tort, abuse of process, is the "misuse or misapplication of process . . . in an improper manner or to accomplish a purpose for which it was not designed". Lewis Truck Trailer,Inc. v. Jandreau, 11 Conn. App. 168, 169-170. Thus, in order for a party to allege properly the elements of this cause of action, the claim must assert facts indicating that process was misused or abused. Although an ulterior motive is not an essential element for an abuse of process claim, Id., the Supreme Court has explained that this cause of action excludes from liability situations where "the process is used for the purpose for which it is intended, but CT Page 1365-XXXX there is an incidental motive of spite or an ulterior purpose or benefit for the defendant". Mozzachi v. Beck, 204 Conn. 490, 494
(1987).
In the instant case, the defendants have not alleged any actual improper use of the lis pendens, and in light of the established law allowing the plaintiff to file a lis pendens as part of a fraudulent conveyance action, any ulterior motive or wrongful purpose is incidental. Under the circumstances, this court concludes that the Supreme Court's holding in Mozzochi is controlling and defendants must point to "specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation" in order to state a claim for abuse of process. Mozzochi v. Becht, supra 204 Conn. 497.
Defendants apparently have confused abuse of process with vexatious litigation. Whereas abuse of process, as previously stated, involves the wrongful misuse or misapplication of process, vexatious litigation involves the issuance of process without justification and for a vexatious or malicious purpose. LewisTruck Trailer, Inc. v. Jandreau, supra, 11 Conn. App. 170-171.
Therefore, plaintiff's motion to strike defendants' second counterclaim is hereby granted.
Dated this 28th day of February, 1996
STEVENS, J.