[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 117)
This action arises out of protracted litigation between the parities. In January of 1992, the plaintiff, Blaise Heid, filed a series of complaints against the defendant, Michael Lyons, with the Statewide Grievance Committee. On July 16, 1992, the Statewide Grievance Committee dismissed the complaints for lack of probable cause.
In February 1992, the plaintiff and other electors of the Third Taxing District of the City of Norwalk, filed a civil lawsuit against the defendant alleging fraud and other wrong doing. On January 25, 1993, this action was dismissed by the court, Ballen, J., on the ground that the plaintiff and the other electors lacked standing to sue in the name of the Taxing District. The dismissal was upheld by the Appellate Court. ThirdTaxing District v. Lyons, 35 Conn. App. 795, 647 A.2d 32, cert. denied,231 Conn. 936, 650 A.2d 173 (1994)
On February 15, 1994, the defendant filed suit against the plaintiff for vexatious litigation and defamation. In that action, the defendant filed an application for a prejudgment remedy to attach the plaintiff's residential real estate. On June 27, 1996, the court, Moran, J., denied the defendant's motion. The defendant appealed the denial, but withdrew the appeal prior to oral argument. On May 29, 1998, the court, Stevens,J., rendered judgment on the underlying suit in favor of the plaintiff.
On November 23, 1998, the plaintiff commenced the present action, by serving a four count complaint on the defendant asserting causes of action for common-law vexatious litigation (count one), abuse of process (count two) and statutory vexatious litigation (counts three and four). The defendant filed an answer and special defense in which he asserts, inter alia, that he brought the prior lawsuit in good faith reliance on the advice of his counsel.
On February 1, 2000, the defendant filed a motion for summary judgment. In response, the plaintiff filed an objection to the defendant's motion for summary judgment and a memorandum in support thereof. CT Page 14034
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368,746 A.2d 753 (2000)
A. Counts One, Three, and Four (Vexatious Litigation)
In counts one, three, and four of the complaint, the plaintiff alleges that the defendant brought a vexatious lawsuit against him. Specifically, the plaintiff claims that the defendant initiated the February 15, 1994 lawsuit "without probable cause, and with a malicious intent unjustly to vex and trouble" him. The defendant moves for summary judgment as to these counts on the grounds that (1) the causes of action are barred by the statute of limitations, (2) he had probable cause to pursue the lawsuit against the plaintiff and he pursued it without malicious intent, and (3) he relied in good faith upon the advice of counsel. The plaintiff contends that it is inappropriate to grant the defendant's motion because there are genuine issues of material fact as to each of the defendant's grounds for summary judgment.
1. Statute of Limitations
The defendant asserts that his motion for summary judgment should be granted as to counts one, three, and four on the ground that the plaintiff's claims are barred by the three year statute of limitations set forth in General Statutes § 52-577. The plaintiff commenced the present suit on November 23, 1998. The defendant argues that in determining the point at which the statute of limitations begins to run on the plaintiff's claim for vexatious litigation, the court must not look to the date that the prior action terminated, but must look instead to the date the prior action was initiated.
The plaintiff contends that these claims are not barred by the statute of limitations because the statute of limitations on a claim for vexatious litigation does not begin to run from the commencement of the action, but rather from the date of the wrong complained of. The plaintiff further argues that the statute of limitations was tolled CT Page 14035 because the defendant engaged in a continuous course of wrongful conduct.
It is well settled that summary judgment may be granted where the claim is barred by the statute of limitations. Doty v. Mucci, 238 Conn. 800,806, 679 A.2d 945 (1995). Summary judgment, however, is only appropriate on statute of limitation grounds when material facts concerning the statute of limitations are not in dispute. Burns v. Hartford Hospital,192 Conn. 451, 452, 472 A.2d 1257 (1984). The date of the alleged tortious conduct and the date the action was filed are material facts. See Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996). Actions for vexatious litigation are subject to General Statutes §52-577. Balletti v. Alter, Superior Court, judicial district of Hartford at Hartford, Docket No. 541996 (September 25, 1998, Peck, J.) (23 Conn.L.Rptr. 70, 72). This statute provides, in pertinent part, that "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The issue in the present case is what constitutes "the act or omission complained of" in the context of a claim of vexatious litigation.
The analysis under a common-law and statutory cause of action for vexatious litigation are identical. See Norse Systems, Inc. v. TingleySystems, Inc., 49 Conn. App. 582, 596, 715 A.2d 807 (1998). The vexatious litigation statute, General Statutes § 52-568, may be used to seek recovery from "[a]ny person who commences and prosecutes any civil action . . ." "Prosecute" is defined as follows:
 "To follow up; to carry on an action or other judicial proceeding . . . . To "prosecute' an action is not merely to commence it, but includes following it to an ultimate conclusion." Black's Law Dictionary (6th Ed. 1990)
In Gionet v. Craft Magic, Inc., Superior Court, judicial district of New London at Norwich, Docket No. 115480 (June 14, 1999, Hurley, J.T.R.) (24 Conn.L.Rptr. 676), the court stated that " [a]lthough a cause of action for vexatious litigation accrues upon the termination of the prior suit in plaintiff's favor . . . the statute of limitations begins to run on the date in which the prior action was instituted or maintained." (Citation omitted.) See also Balletti v. Alter, supra, 23 Conn.L.Rptr 72.
In the present case, the prior action was commenced by the defendant in February, 1994, and terminated on May 29, 1998. The present action was commenced by the plaintiff on November 23, 1998. Thus, the plaintiff's claim for vexatious litigation was not brought within three years from CT Page 14036 the commencement of the prior act ion; however, it was brought within three years from the prosecution or maintenance of that action. The defendant "prosecuted" or "maintained" the prior action until May 29, 1998, when the court, Stevens, J., rendered judgment in favor of the plaintiff. "The act of maintaining a vexatious suit beyond three years from its commencement could be a bad act that itself, is the "act or omission complained of' for purposes of § 52-577 in the context of § 52-568." Shea v. Chase Manhattan Bank. N.A., Superior Court, judicial district of Stamford, Docket No. 149647 (July 27, 2000,Tierney, J.) (27 Conn.L.Rptr. 580, 582). But see Gionet v. CraftMagic, Inc., supra, 24 Conn.L.Rptr. 676.
Accordingly, the defendant's motion for summary judgment as to counts one, three, and four on the ground that the plaintiff's claims are barred by the statute of limitations must be denied.[1]
2. Probable Cause and Malice
The defendant also asserts that his motion for summary judgment should be granted as to counts one, three, and four on the ground that he had probable cause to pursue the prior lawsuit against the plaintiff and he pursued it without malicious intent. The plaintiff contends that there are genuine issues of material fact that must be resolved before the issues of probable cause and maliciousness can be determined. The plaintiff also asserts that the doctrine of res judicata precludes the defendant from raising probable cause in the present proceeding because in denying the defendant's application for prejudgment remedy, the court, Moran, J., concluded that the defendant had not established probable cause.
In counts one, three, and four the plaintiff asserts cause of action for common law vexatious litigation and statutory vexatious litigation. As previously pointed out, the elements of a common-law and statutory cause of action for vexatious litigation are identical. Norse Systems,Inc. v. Tingley Systems, Inc., supra, 49 Conn. App. 596. General Statutes § 52-568 provides in pertinent part that
 "Any person who commences and prosecutes any civil action or complaint against another, in his own name or in the name of others . . . (1) without probable cause, shall pay such person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."
The plaintiff is seeking both double damages under § 52-568 (1) and treble damages under § 52-568 (2). "To establish [a] cause of CT Page 14037 action, it is necessary to prove want of probable cause, malice and termination of suit in the plaintiff's favor." DeLaurentis v. New Haven,220 Conn. 225, 248, 597 A.2d 807 (1991)
The key issue in an action grounded in vexatious litigation is whether the action was brought without probable cause. Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. NorseSystems, Inc. v. Tinaley Systems, Inc., supra, 594. The existence of probable cause is an absolute protection, and what facts, and whether particular facts, constitute probable cause is always a question of law. Id. However, when the facts themselves are in dispute, the court may submit the issue of probable cause in the first instance to the jury as a mixed question of fact and law. DeLaurentis v. New Haven, supra,220 Conn. 252-53.
Whether the defendant had probable cause when he instituted the original civil proceedings against the plaintiff necessarily involves a determination of his knowledge or lack of knowledge of certain facts at that time along with a determination as to whether he held a reasonable, good faith belief in the validity of his claims. Pepe v. Perrotti, Superior Court, judicial district of New Haven at New Haven, Docket No. 307426 (June 21, 1993, Thompson, J.). Similarly, the element of malice raises questions of improper or unjustifiable motive. See Haxhi v. Moss,25 Conn. App. 16, 19, 591 A.2d 1275 (1991). Such questions do not lend themselves to summary judgment. Summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111,639 A.2d 507 (1994). A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment.Picataggio v. Romeo, 36 Conn. App. 791, 794, 654 A.2d 382 (1995). Therefore, it is clear that in this case there are questions of material fact to be resolved before the court can determine whether the defendant acted with probable cause and with malicious intent.
Accordingly, defendant's motion for summary judgment as to counts one, three, and four on the ground that the defendant had probable cause to pursue the lawsuit against the plaintiff and he pursued it without malicious intent must be denied.[2]
3. Advice of Counsel
The defendant also asserts that his motion for summary judgment should be granted as to counts one, three, and four on the ground that he relied in good faith upon the advice of counsel in deciding to pursue the CT Page 14038 lawsuit against the plaintiff. The plaintiff contends that there is a genuine issue of material fact as to whether the defendant relied upon the advice of counsel.
Advice of counsel is a complete defense to a vexatious suit when it is shown that the defendant instituted his civil action relying in good faith on such advice, given after a full and fair statement of all the facts within his knowledge. Vandersluis v. Weil, 176 Conn. 353, 361,407 A.2d 982 (1978). If the doctrine of advice of counsel applies, "it is considered conclusive of the existence of probable cause . . . in an action for vexatious suit." (Citations omitted; internal quotation marks omitted." Morgillo v. Loeb, Superior Court, judicial district of New Haven at New Haven, Docket No. 371591 (December 4, 1996, Corradino, J.). In his affidavit, the defendant states that before he commenced the prior suit against the plaintiff he consulted Attorney Steven Leo and fully and fairly disclosed to him all facts within his possession concerning the causes of action he was then contemplating bringing against the plaintiff. (Defendant's Memorandum, Exhibit A, ¶ 21). The defendant further states that Attorney Leo advised him that he had a sound legal basis for proceeding with the action against the plaintiff and he relied upon that advice in authorizing the filing of the complaint. (Defendant's Memorandum, Exhibit A, ¶ 23)
The plaintiff asserts that a genuine issue of material fact exists as to whether the defendant relied upon the advice of counsel because the defendant is a practicing attorney himself and took a central role in the legal aspects of the litigation. The plaintiff supports this contention with evidence that the defendant signed and drafted the complaint and appeared pro se throughout the prior litigation. The plaintiff asserts that the defendant's professional credentials and his political motivations also raise issues of fact as to whether the defendant actually relied upon the advice of counsel.
If the defendant did draft the complaint himself, then arguably he did not rely on anyone else's advice as to whether he had a valid claim. SeeCrocco v. Certilman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150150 (April 1, 1997,D'Andrea, J.). Furthermore, the fact that the defendant is a practicing attorney and assumed a central role in the legal aspects of the litigation raises the material issue of whether the defendant actually relied upon the advice of counsel.
Accordingly, the defendant's motion for summary judgment as to counts one, three, and four on the ground that he relied in good faith upon the advice of counsel must be denied because the plaintiff has shown that there is a genuine issue of material fact in regard to this issue. CT Page 14039
B. Count Two (Abuse of Process)
In count two of the complaint, the plaintiff alleges that the defendant initiated and pursued the prior suit to inflict a special injury upon him by the "unauthorized use of legal process. Specifically, the plaintiff alleges that the defendant initiated the suit for the improper purpose of violating his constitutional rights to freedom of speech and full participation in the political process" as well as his right to file bar association grievances. The defendant moves for summary judgment on the ground that the plaintiff's allegations do not establish a cause of action for abuse of process and also on the ground that the plaintiff's claims are barred by the statute of limitations set forth in General Statutes § 52-577.
1. Sufficiency of Allegations
An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process against another primarily to accomplish a purpose for which it is not designed. Mozzochi v. Beck, 204 Conn. 490, 494,529 A.2d 171 (1987). Abuse of process differs from malicious prosecution and vexatious litigation in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish. Lewis Truck Trailer, Inc. v.Jandreau, 11 Conn. App. 168, 170-71, 526 A.2d 532 (1987). The purpose for which the process is used, once it is issued, is the only thing of importance. Id. To allege a viable cause of action for abuse of process, a claimant must "point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation."Mozzochi v. Beck, supra, 204 Conn. 497.
The plaintiff's allegations and supporting facts are sufficient to sustain a cause of action for abuse of process because they allege that the defendant initiated and maintained the prior action to inflict political damage on the plaintiff and to violate the plaintiff's rights. See Rimer v. Nichols, Superior Court, judicial district of Bridgeport, Docket No. 359859 (July 31, 2000, Skolnick, J.) (27 Conn.L.Rptr. 585). These purposes are not related to the purpose for which the prior litigation was designed. CT Page 14040
The defendant contends that his use of the process in this way was merely incidental to its primary purpose, to clear his name of allegations of wrongdoing and to receive compensation for injuries he sustained. The plaintiff has shown, however, that a genuine issue of fact exists regarding whether the defendant used the prior action primarily
for an improper purpose.[3] Therefore, the defendant's motion for summary judgment as to count two on the ground that the plaintiff's allegations do not establish a cause of action for abuse of process must be denied.
2. Statute of Limitations
The defendant next moves for summary judgment on the ground that the plaintiff's cause of action for abuse of process is barred by the statute of limitations set forth in General Statutes § 52-577. The plaintiff contends that because the defendant engaged in a continuous course of conduct the statute of limitations was tolled. The plaintiff also asserts that the application of the continuing course of conduct doctrine is a factual determination and therefore may not appropriately be decided by summary judgment.
Summary judgment is only appropriate on statute of limitation grounds when "there is no genuine issue of material fact that the plaintiff's suit is barred by the applicable statute of limitations." Shuster v.Buckley, 5 Conn. App. 473, 477, 500 A.2d 240 (1985). Actions for abuse of process are subject to General Statutes § 52-77 which provides, in pertinent part, that "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." (1996)
In the present case, the legal process that forms the basis of this cause of action is the prior suit which the defendant commenced in February, 1994. Because the present action was commenced on November 23, 1998, over three years after the commencement of the prior action, this action was commenced beyond the statutory period and is therefore barred. The plaintiff, however, seeks to avoid this bar by arguing that the defendant engaged in a continuous course of conduct which tolled the limitations period.
Under Connecticut law, a statute of limitations may be tolled under the continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date. Sherwood v. DanburyHospital, 252 Conn. 193, 203-04, 746 A.2d 730 (2000). Our Supreme Court has held that
 in order [t]o support a finding of a continuing course CT Page 14041 of conduct that may toll the statute of limitations there must be evidence of a breach of a duty that remained in existence after the commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Id., 203.
The plaintiff asserts that the second variation of the continuing course of conduct doctrine applies to this case. Pursuant to this variation, "a precondition for the operation of the continuing course of conduct doctrine is that the defendant must have committed an initial wrong upon the plaintiff. . . . A second requirement for the operation of the . . . doctrine is that there must be evidence of the breach of duty that remained in existence after commission of the original wrong related thereto. . . . This court has held this requirement to be satisfied when there was wrongful conduct of a defendant related to the prior act." (Citations omitted; internal quotation marks omitted.) Id., 204-05.
The plaintiff contends that after wrongfully filing the prior lawsuit against him, the defendant engaged in subsequent wrongful conduct by applying for a prejudgment attachment and appealing the court's denial of the defendant's application for prejudgment remedy. Whether the defendant brought the original lawsuit or the ancillary proceedings primarily to accomplish a purpose for which it is not designed necessarily involves a determination of his intent at those times. As discussed above in section II. A. 2., "summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions."Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507
(1994). Furthermore, in Sherwood v. Danbury Hospital, supra, 252 Conn. 210, the court stated that "the application of the continuing course of conduct doctrine was conspicuously fact-bound." (Internal quotation marks omitted.) For these reasons, the defendant's motion for summary judgment as to count two on the ground that it was barred by the statute of limitations must be denied.
The defendant's motion for summary judgment is hereby denied on all grounds stated. CT Page 14042
MELVILLE, J.